UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANDREW LERER,

                              Plaintiff,

    - against -

THE SPRING VALLEY FIRE DEPARTMENT,
INC., RAYMOND CANARIO, JOHN KAPRAL,
and DARWIN VALESCO,

                              Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 19-CV-10714 (CS)

Appearances:

Andrew Lerer
Monsey, New York
*Pro Se Plaintiff*

Jill C. Owens
Christopher F. Lyon
Goldberg Segalla LLP
New York, New York
*Counsel for Defendants*

Seibel, J.

    Before the Court are Plaintiff's request to conduct further discovery, (Doc. 42), and Defendants' request to move for summary judgment, (Doc. 43). For the following reasons, summary judgment is GRANTED in favor of Defendants.

**I.    BACKGROUND**

    The following facts are undisputed. *Pro se* Plaintiff Andrew Lerer, an Orthodox Jew and Sabbath observer, was a volunteer firefighter in the Spring Valley Fire Department ("SVFD") for approximately twelve years before he was suspended on November 26, 2018, pending the results of an investigation that he was bullying a fellow SVFD member and creating a hostile work

environment. (Doc. 14 ("AC") ¶¶ 3, 10-11; *id.* at 17.)[1] After two hearings – one on December 27, 2018 and one on January 2, 2019 – Plaintiff was removed from the SVFD's membership rolls on January 15, 2019 for "conduct unbecoming a firefighter and creating a hostile work environment." (*Id.* ¶ 12; *id.* at 19, 104-18.)

Plaintiff alleges that he was subjected to a "constant flow" of disparaging, anti-Semitic comments and jokes while he was at the SVFD, (*id.* ¶¶ 30-31; *see id.* ¶¶ 29-36), and that he was removed because he is an Orthodox Jew, (*id.* ¶¶ 1, 12, 23, 43, 54). To support his theory of discrimination, Plaintiff alleges that the SVFD took no disciplinary action against another firefighter who was arrested for driving while intoxicated and is not an Orthodox Jew. (*Id.* ¶¶ 14, 19, 54.)

On November 19, 2019, Plaintiff filed suit against the SVFD, SVFD Chief Raymond Canario, and four individual firefighters – John Kapral, Lance Thaxton, Emily Atar, and Darwin Valesco – alleging that he was removed from the SVFD's membership rolls on the basis of his religion in violation of Title VII and that Canario, Kapral, Atar, and Valesco defamed him at the hearings. (Doc. 1.) Defendants filed a motion to dismiss, (Doc. 10), which I denied without prejudice and treated as a pre-motion letter in accordance with my individual practices, (Doc. 11). Plaintiff submitted a letter in response, (Doc. 12), and the Court held a pre-motion conference, at which I granted Plaintiff leave to amend his Complaint, (Minute Entry dated Jan. 14, 2020). Plaintiff did so, (AC), and Defendants again moved to dismiss, (Doc. 16).

On October 30, 2020, I granted Defendants' motion in part and denied it in part. (*See* Doc. 41 ("MTD Tr.").) Specifically, I dismissed Atar as a defendant for insufficient service of

---

[1] Cites to the Amended Complaint refer to the page numbers generated by the Court's Electronic Case Filing ("ECF") system.

2

process, and I dismissed the Title VII claims against Canario, Kapral, Thaxton, and Valesco because Title VII does not impose liability on individuals. (MTD Tr. at 9:1-15, 16:1-6.) This left no claims against Thaxton, so I dismissed him as a defendant, too. (*Id.* at 16:6-7.) In their motion, Defendants argued that Plaintiff's Title VII claims should be dismissed for failure to exhaust administrative remedies. (Doc. 16-1 at 7-9.) In opposition, Plaintiff argued that he was entitled to equitable tolling because the SVFD did not post notices or otherwise apprise its firefighters of their rights under Title VII. (Doc. 20 at 94-98.)[2] Because the Amended Complaint was silent as to whether Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") or the New York State Division of Human Rights ("DHR"), and because a right-to-sue-letter was not among the exhibits that Plaintiff attached to his Amended Complaint, I found that Plaintiff's failure to exhaust his administrative remedies was not apparent from the face of the Amended Complaint or the documents properly considered on the motion. (MTD Tr. at 10:22-11:18.) Accordingly, I declined to dismiss Plaintiff's Title VII claims for failure to exhaust. (*Id.*)

I also declined to convert Defendants' motion to dismiss into a motion for summary judgment because Plaintiff did not have notice of such a possibility. (*Id.* at 12:20-13:6.) But because the exhaustion issue was potentially dispositive of Plaintiff's federal claims, I allowed for limited discovery solely on that issue and invited Defendants to move for summary judgment afterward if warranted. (*Id.* at 13:6-11.)[3] I set out a limited discovery schedule and asked the parties to advise me by letter if either side wanted to conduct depositions. (*Id.* at 16:12-17:17.)

---

[2] Cites to Doc. 20 refer to the page numbers generated by the Court's ECF system.

[3] In their motion to dismiss, Defendants raised other grounds for dismissal of Plaintiff's Title VII and defamation claims. (*See* Doc. 16-1 at 9-16.) For the sake of judicial economy, I declined to consider these arguments without prejudice to renewal. (MTD Tr. at 14:18-15:8.)

3

I also denied Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 without prejudice to renewal.  (*Id.* at 15:9-21.)

In accordance with my ruling, Plaintiff submitted a letter dated December 4, 2020, advising the Court that he would like to depose five individuals.  (Doc. 42.)  Defendants opposed the request and sought leave to file a motion for summary judgment on the grounds that, in response to Defendants' requests to admit, Plaintiff admitted that he never filed an administrative charge with either the EEOC or DHR.  (Doc. 43.)

On December 15, 2020, the Court held a conference to discuss the necessity of the requested depositions.  (*See* Doc. 48 ("Disc. Hr'g Tr.").)  Plaintiff conceded that he had not filed an administrative charge, and explained that he wanted to depose the five individuals regarding the SVFD's purported failure to post federally required notices apprising employees of their rights under Title VII.  (*Id.* at 3:6-24.)  Without these notices, Plaintiff argued, he was unaware that he needed to file a charge with the EEOC or DHR, and his failure to do so should therefore be excused.  (*Id.*)  Defendants responded that the depositions were unnecessary because Plaintiff's failure to exhaust his administrative remedies could not be excused even if the SVFD had failed to post the notices.  (*Id.* at 6:2-20; *see* Doc. 43 at 2.)  I agreed that the depositions would be unnecessary if Defendants were correct and ordered briefing on the issue.  (Disc. Hr'g Tr. at 4:14-6:1, 6:21-8:4, 8:13-16, 9:7-11.)  I also explained to Plaintiff that if his failure to file an administrative complaint cannot be excused even if the SVFD did not post the requisite notices, "then there's no need for the depositions and the case goes away."  (*Id.* at 7:20-25.)  Further, I noted that if I dismissed Plaintiff's Title VII claims, I would decline to exercise supplemental jurisdiction over Plaintiff's state defamation claims and would dismiss them without prejudice.  (*Id.* at 8:20-9:17.)

4

The parties timely filed their letter briefs on the exhaustion issue.  (Docs. 45, 46.)

## II.     LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (cleaned up).

*Pro se* litigants must be afforded "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), "particularly where motions for summary judgment are concerned," *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014).  On a motion for summary judgment, "the

district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (cleaned up).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied . . . ." *Id.* (cleaned up).

"District courts have the discretion to grant summary judgment *sua sponte*, even without notice in certain circumstances." *Jian Yang Lin v. Shanghai City Corp.*, 950 F.3d 46, 49 (2d Cir. 2020) (cleaned up); *see* Fed. R. Civ. P. 56(f).  "When doing so, however, they must take care to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." *Id.* (cleaned up).  In this case, Plaintiff had notice from my ruling on Defendants' motion to dismiss, and from my comments at the conference regarding discovery, that whether he exhausted his administrative remedies is dispositive of his Title VII claims.  (*See* MTD Tr. at 13:6-11; Disc. Hr'g Tr. at 5:7-9, 5:15-17, 7:20-25.)  Plaintiff is aware that if his failure to exhaust cannot be excused, his Title VII claims must be dismissed and "the case goes away."  (Disc. Hr'g Tr. at 7:20-25.)  In his opposition to Defendants' original motion to dismiss and his letter brief regarding the exhaustion issue, and at the most recent conference, Plaintiff made clear that the lack of notice from Defendants is the only basis on which he claims entitlement to equitable tolling.  He has had a full and fair opportunity to meet Defendants' proposition that there is no genuine issue of material fact to be tried and that Defendants are entitled to judgment as a matter of law.

## III.     DISCUSSION

Before bringing a Title VII claim in federal court, an aggrieved party is generally required to exhaust administrative remedies by filing a discrimination charge with the EEOC. *Duplan v. City of N.Y.*, 888 F.3d 612, 621 (2d Cir. 2018). "The administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). The purpose of this requirement is "to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. U.S. Immigr. & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985).

In New York, where the DHR addresses claims of employment discrimination, an aggrieved party may file a charge with either the EEOC or DHR. *Calise v. N.Y. State Dep't of Motor Vehicles*, No. 17-CV-791, 2018 WL 4350247, at *5 (S.D.N.Y. Sept. 12, 2018).[4] The statute of limitations for filing a charge is 300 days, which "runs from the date when the employee received notice of the discriminatory action." *Bascom v. Fried*, 116 F. App'x 300, 302 (2d Cir. 2004) (summary order). After filing a charge with the EEOC or DHR, the aggrieved party "must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency." *Duplan*, 888 F.3d at 622. "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

While administrative exhaustion is a "precondition to bringing a Title VII claim in federal court," it is not a "jurisdictional requirement." *Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir. 2000) (cleaned up); *accord Fort Bend County v. Davis*, 139 S. Ct. 1843, 1851 (2019). Consequently, Title VII's administrative exhaustion requirements are "subject to waiver,

---

[4] The Court will send Plaintiff copies of all unreported cases cited in this ruling.

estoppel, and equitable tolling" in certain circumstances.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

> The implementing regulations for Title VII provide:
>
> Every employer, employment agency, and labor organization, as the case may be, shall post and keep posted in conspicuous places upon its premises where notices to employees, applicants for employment, and members are customarily posted a notice to be prepared or approved by the Commission setting forth excerpts from or, summaries of, the pertinent provisions of this subchapter and information pertinent to the filing of a complaint.

42 U.S.C. § 2000e-10(a).  Plaintiff argues that equitable tolling applies here because he was "completely ignorant of his rights and proper EEOC procedure," which he attributes to the SVFD's purported failure to post EEOC information or provide access to EEOC classes, EEOC training, or a proper human resources representative.  (Doc. 46 at 2.)[5]  It is undisputed that Plaintiff did not file an administrative complaint with either the EEOC or DHR, (*see* Doc. 45-1), and I assume for purposes of this decision that the SVFD did not post any notices or otherwise provide information regarding Title VII rights or remedies.

"[E]quitable tolling prevents the running of a statute of limitations against a plaintiff who is unaware that he has a cause of action because of defendant's fraudulent acts or concealment." *Bennett v. U.S. Lines, Inc.*, 64 F.3d 62, 66 (2d Cir. 1995).  Although the Second Circuit has not spoken directly on the issue, other circuits and at least one district court in this circuit have held that "an employer's failure to post the required notices of anti-discrimination laws will equitably toll the 300-day limitations period until such time as the employee learns or reasonably should have learned of her rights through some other means."  *Wei Hong Zheng v. Wong*, No. 07-CV-

---

[5] In his letter brief, Plaintiff quotes language from 29 C.F.R. § 1614.105, which applies to federal employees only.  *See Green v. Brennan*, 136 S. Ct. 1769, 1776 n.4 (2016).  The analogous provision applicable here is 42 U.S.C. § 2000e-5.  *See id.*

8

4768, 2009 WL 2601313, at *2-3 (E.D.N.Y. Aug. 24, 2009) (collecting cases); *see Miner v. Zoe's Kitchen USA LLC*, No. 14-CV-729, 2015 WL 3459012, at *7 (N.D. Ala. May 30, 2015) ("An employer's failure to post the requisite notice will equitably toll the 180-day notification period.  However, it will toll it only until the employee acquires general knowledge of her right not to be discriminated against, or the means of obtaining such knowledge.").

While the failure-to-post rule has excused the filing of an administrative charge outside the 300-day limitations period, it has never, to this Court's knowledge, excused the failure to file any administrative charge whatsoever.  *See McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) ("Under Title VII . . . , a plaintiff can sue in federal court only after filing . . . charges with the EEOC."); *Shipper v. Avon Prod., Inc.*, 605 F. Supp. 701, 705 (S.D.N.Y. 1985) ("Plaintiff's counsel has cited no cases, and this Court has been unable to find any, that suggest that a civil action may be commenced prior to the filing of the charge with the EEOC.").  In such circumstances, "there is nothing to toll" because Plaintiff "never filed a charge . . . , timely or otherwise."  *Angotti v. Kenyon & Kenyon*, 929 F. Supp. 651, 655-56 (S.D.N.Y. 1996) (noting that even if equitable tolling were applicable, "it is unclear what plaintiff would have this court 'toll' [if] he has not taken the first step in the process" by filing an administrative charge).  Accordingly, even if the SVFD failed to post the requisite notices, it would merely extend the deadline for filing an administrative charge until Plaintiff learned (or reasonably should have learned) of his rights; it would not waive the administrative exhaustion requirement altogether.

Courts have waived Title VII's administrative exhaustion requirements under limited circumstances, such as where filing a charge would have been futile or where the defendant is equitably estopped from raising the defense.  *See, e.g.*, *Tillman v. Luray's Travel*, 137 F. Supp.

9

3d 315, 326-27 (E.D.N.Y. 2015).  Neither circumstance applies here.  Discrimination based on religion is not a position against which the EEOC or DHR has taken a "firm stand," and therefore filing a charge would not have been futile.  *See id.* at 330 ("[B]ecause discrimination based on race is not a position against which the EEOC and NYSDHR have taken a 'firm stand,' [plaintiff] cannot avail himself to the futility exception.").  And equitable estoppel is not warranted, as Plaintiff's position is that he was unaware of his rights, not that he knew of the existence of his cause of action but was prevented by Defendants from filing his administrative charge.  *See id.* at 331; *see also Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 802 & n.18 (2d Cir. 2014) (noting that "unlike equitable tolling, which is invoked in cases where the plaintiff is ignorant of his cause of action because of the defendant's fraudulent concealment, equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his lawsuit" and that "this distinction makes the application of equitable tolling and equitable estoppel mutually exclusive") (cleaned up).

Plaintiff contends that "the discrimination and disparity of treatment is still ongoing" because the SVFD has refused to take action against a firefighter who was arrested for driving while intoxicated and is not an Orthodox Jew.  (Doc. 46 at 3.)  Granting Plaintiff the special solicitude to which he is entitled, I construe this as an attempt to invoke the "continuing violation" exception to Title VII's limitations period, whereby "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone."  *Chin v. Port Auth.*, 685 F.3d 135, 155-56 (2d Cir. 2012).  Such an argument fails for two reasons.  First, as Plaintiff admits, he never filed *any*

10

charge with the EEOC or DHR (timely or otherwise), so there is no timely charge under which untimely claims can be considered. Second, the continuing violation doctrine "does not apply to discrete acts of discrimination or retaliation, such as termination," which is the discriminatory act alleged here. *Staten v. City of N.Y.*, 726 F. App'x 40, 43 (2d Cir. 2018) (summary order) (cleaned up).

Plaintiff also suggests that an evidentiary hearing is necessary regarding whether equitable tolling applies. (Doc. 46 at 2-3.) No such hearing is necessary because, as explained, Plaintiff never filed an administrative charge, so there is nothing to toll even assuming that, as Plaintiff alleges, the SVFD did not post notices or provide information about Title VII. Moreover, if Plaintiff were to file a charge today, it would be too late. At the very latest, Plaintiff knew of the alleged discrimination when he filed his Complaint on November 19, 2019, (*see* Doc. 1), and learned about Title VII's administrative exhaustion requirements when Defendants filed their first motion to dismiss on December 17, 2019, (*see* Doc. 10). Accordingly, even if an evidentiary hearing were to reveal that Plaintiff could not have reasonably learned of his rights through some other means before those dates, the 300-day limitations period has long since lapsed. Thus, any dispute regarding whether the SVFD posted the requisite notices is immaterial because it would not affect the outcome of the suit. *See Anderson*, 477 U.S. at 248.

"While plaintiff's unfamiliarity with statutory requirements and legal and administrative procedures entitles him to greater latitude in the construction of his employment discrimination claims, such considerations alone do not justify the application of equitable principles to forgive strict adherence to the procedural requirements specified by Congress in Title VII." *Frank v. N.Y. State Elec. & Gas*, 871 F. Supp. 167, 172 (W.D.N.Y. 1994) (cleaned up). Because

11

Plaintiff's failure to file a charge with the EEOC or DHR does not fall within the recognized exceptions to the administrative exhaustion requirement, Defendants are entitled to judgment as a matter of law on Plaintiff's Title VII claims.  *See Tillman*, 137 F. Supp. 3d at 331.

## IV.     SUPPLEMENTAL JURISDICTION

In addition to his Title VII claims, Plaintiff brings state defamation claims against Canario, Kapral, and Valesco.  (*See* AC ¶¶ 45-52.)  The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal claims are eliminated before trial.  *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Having determined that the Amended Complaint fails to state any federal claims on which relief can be granted, and having considered the factors set forth in *Cohill*, the Court declines to exercise supplemental jurisdiction over Plaintiff's defamation claims.  *See* 28 U.S.C. § 1367(c).

## V. CONCLUSION

For the foregoing reasons, summary judgment is GRANTED in favor of Defendants.[6] Plaintiff's Title VII claims are DISMISSED with prejudice, and Plaintiff's defamation claims are DISMISSED without prejudice. The Clerk of Court is respectfully directed to send a copy of this Opinion and Order to Plaintiff, terminate the pending motion, (Doc. 43), enter judgment for Defendants, and close the case.

**SO ORDERED.**

Dated: April 14, 2021
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[6] I recognize that Defendants may have intended to renew their Rule 11 motion at the time they made their summary judgment motion, (*see* MTD Tr. at 15:9-21), and that by granting summary judgment now, I may have prevented Defendants from doing so. But if I were to have ruled solely on the discovery issue regarding Plaintiff's desire to take five depositions, Defendant thereafter would have needed to prepare a summary judgment motion and a Rule 11 motion. By granting summary judgment now, I am furthering judicial economy and conserving the parties' resources, which is particularly sensible in light of the more lenient standard applied to *pro se* parties under Rule 11. *See Benitez v. King*, 298 F. Supp. 3d 530, 539-40 (W.D.N.Y. 2018) (collecting cases). That said, Plaintiff has now filed two lawsuits relating to his dismissal from the SVFD – this one and one filed in May 2019 – and both have been dismissed for failure to state a claim upon which relief can be granted. *See Lerer v. Canario*, No. 19-CV-4568, 2020 WL 1974212, at *1 (S.D.N.Y. Apr. 23, 2020). Should Plaintiff bring another suit, he will want to be sure it complies with Rule 11(b), as sanctions can be imposed on *pro se* litigants for "repeated baseless litigation." *Jemzura v. Pub. Serv. Comm'n*, 961 F. Supp. 406, 415 (N.D.N.Y. 1997).